**Jose Douglas VILLEDA–MORAN; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72958.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 10, 2008.

Robert L. Lewis, Law Office of Robert L. Lewis, Oakland, CA, for Petitioners.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William C. Erb, Jr., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Lead petitioner Jose Douglas Villeda–Moran, and his wife, Mailin Guzman–Flores, natives and citizens of El Salvador, petition for review of a Board of Immigration Appeals' decision that adopted and affirmed an Immigration Judge's order denying their claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

The record does not compel the conclusion that the untimely filing of the asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(5). Even assuming that the asylum application was timely, substantial evidence supports the finding that Villeda–Moran failed to demonstrate that he was persecuted, or that he has a well-founded fear of future persecution, on account of a statutorily protected ground. *See Molina–Morales v. INS,* 237 F.3d 1048, 1052 (9th Cir.2001); *see also Ochoa v. Gonzales,* 406 F.3d 1166, 1171 (9th Cir. 2005).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Villeda–Moran failed to meet the lower standard of proof required to establish eligibility for asylum, he necessarily failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the determination that Villeda–Moran was ineligible for CAT relief, because he failed to establish that it is more likely than not he will be tortured should he return to El Salvador. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.